**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Royce Corporation, d/b/a Royce Walls of Phoenix,<br><br>    Plaintiff,<br><br>vs.<br><br>Royal Insurance Company of America, Inc.; Beazer Homes Sales Arizona, Inc.; John and Jane Does I-X; Black and White Business Entities I-X,<br><br>    Defendants. | No. CIV-05-1220-PHX-MHM<br><br>**ORDER** |

Currently, before the Court are Defendant Beazer Home Sales Arizona, Inc.'s ("Beazer") motion to remand, (Dkt. #8), and Defendant Beazer's request for hearing and ruling on motion to remand. (Dkt. #15). Having reviewed the motions, the Court issues the following Order.

**I.     Factual & Procedural Background**

On January 19, 2005, Plaintiff filed its Complaint in the Superior Court of the State of Arizona in and for the County of Maricopa, seeking various declaratory judgments. On April 22, 2005, before Plaintiff served Defendant Beazer, Defendant Royal Insurance Company of America, Inc. ("Royal Insurance") removed this action to the United States District Court for the District of Arizona on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. On June 1, 2005, Defendant Beazer filed a motion to remand.

## II. Discussion

A defendant may remove a civil case from state to federal court if there is diversity or federal question jurisdiction. 28 U.S.C. § 1441(a) & (b). However, a defendant must comply with the procedural requirements for removal pursuant to 28 U.S.C. § 1446(b). As set forth in paragraph one of section 1446(b), a defendant must file a notice of removal of the action within thirty days after receipt of a complaint which reveals the presence of a substantial federal question or the existence of diversity. § 1446(b). Furthermore, where there are multiple defendants, all defendants must join in the petition for removal; this proposition is referred to as the "unanimity rule." See Chicago, Rock Island & Pacific Railway Co. v. Martin, 178 U.S. 245, 248 (1900). However, "defendants who are not served may be ignored, both for jurisdictional purposes and for the purpose of requiring their joinder in the notice of removal." Asunto v. Shoup, 132 F. Supp.2d 445, 444 (E.D. La. 2000) (quotations and citations omitted). A nonserved defendant may exercise its right to choose the state court forum by making a motion to remand after being served with the complaint. See 28 U.S.C. §1448 (providing "[t]his section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.")

In the instant case, after Defendant Royal Insurance removed this action to federal court, Defendant Beazer timely filed its motion to remand. Therefore, remand to state court is appropriate because Defendant Beazer has timely exercised its right to choose the state court forum. See §1448.

**Accordingly,**

**IT IS HEREBY ORDERED** Defendant Beazer's motion to remand is GRANTED. (Dkt. #8).

**IT IS FURTHER ORDERED** Defendant Beazer's request for hearing and ruling on motion to remand is GRANTED IN PART and DENIED IN PART. (Dkt. #15). The Motion is granted to the extent it requests a ruling on Defendant Beazer's motion to remand, which

1  is contained herein. The motion is denied to the extent it requests a hearing because the
2  Court has determined a hearing on the issues presented is unnecessary.
3      **IT IS FURTHER ORDERED** remanding this matter to the Superior Court of the
4  State of Arizona in and for the County of Maricopa.

6      DATED this 22nd day of September, 2005.

                                               Mary H. Murguia
                                               United States District Judge